## IN RE THE CONSTITUTIONAL AMENDMENT.

The adoption in 1888 of article 7 of amendments to the Constitution of Rhode Island annulled so much of Pub. Stat. R. I. cap. 7, as relates to the assessment and payment of a registry tax, but leaves in force so much as relates to registration and listing of voters.

Town clerks may, as heretofore, receive the registry of voters.

Voters registered before the adoption of this amendment are to be deemed legally registered under the amendment.

The amendment prescribes, as a qualification for voting, payment of a tax on property assessed at $134. The former law required payment of a tax of $1. If the tax on the assessed $134 amounts to $1, the voter's name will, under Pub. Stat. R. I. cap. 7, as now, be kept on the registry, otherwise the voter must re-register. If the tax amounts to $1, but the property taxed is of less value than $134, the voter's name, under Pub. Stat. R. I. cap. 7, may be kept on the registry lists by the town clerk, but must be stricken off by the canvassers.

PUBLIC LAWS R. I. cap. 672, of March 2, 1888, is as follows:

" AN ACT TO APPROVE AND PUBLISH, AND SUBMIT TO THE ELECTORS, A PROPOSITION OF AMENDMENT TO THE CONSTITUTION OF THIS STATE.

" Whereas an article of amendment to the constitution of this State was proposed by the last General Assembly, by the votes of a majority of all the members elected to each house, and the same has been published and read to the electors at their annual town and ward meetings in April last, as required by the thirteenth article of the constitution of this State, and is now presented to this General Assembly for their action thereon, and a majority of all the members elected to each house at said annual meeting being present and approving of said proposed amendment,

" *It is enacted by the General Assembly as follows:*

" SECTION 1.   The following proposition of amendment to the Constitution of this State, proposed by the last General Assembly, is hereby declared approved, and for the purpose of publication and submission to the electors shall be designated as follows:

" ARTICLE VII.

" SECTION 1.   Every male citizen of the United States of the age of twenty one years, who has had his residence and home in this State for two years, and in the town or city in which he may offer to vote six months next preceding the time of his voting,

and whose name shall be registered in the town or city where he resides on or before the last day of December in the year next preceding the time of his voting, shall have a right to vote in the election of all civil officers, and on all questions in all legally organized town or ward meetings : Provided, that no person shall at any time be allowed to vote in the election of the city council of any city, or upon any proposition to impose a tax, or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty four dollars.

" SECT. 2.    The assessors of each town and city shall annually assess upon every person who, if registered, would be qualified to vote, a tax of one dollar, or such sum as with his other taxes shall amount to one dollar, which tax shall be paid into the treasury of such town or city, and be applied to the support of public schools therein : Provided, that such tax assessed upon any person who has performed military duty shall be remitted for the year he shall perform such duty ; and said tax assessed upon any mariner for any year while he is at sea, or upon any person who by reason of extreme poverty is unable to pay said tax, shall upon application of such mariner or person be remitted.    The General Assembly shall have power to provide by law for the collection and remission of said tax.

" SECT. 3.    This amendment shall take, in the constitution of the State, the place of sections 2 and 3 of article 2, ' Of the Qualification of Electors,' which said sections are hereby annulled.

" SECT. 2.    The said proposition of amendment shall be submitted to the electors for their approval or rejection, at meetings of the electors to be held on the first Wednesday in April, 1888. The voting places in the various cities and towns shall be kept open during the hours required by law for voting for state officers.

" SECT. 3.    The secretary of state shall cause the said proposition of amendment to be published in all the papers publishing the laws of the State for one week next preceding the day of said meetings of said electors ; and the said proposition shall be inserted by the town and city clerks in the warrants and notices by them issued previous to said meetings of the electors, for the purpose of warning the town, ward, or district meetings ; and said

proposition shall be read by the town, ward, and district clerks to the electors in the town, ward, and district meetings to be held as aforesaid.

"SECT. 4. The secretary of state shall cause seventy thousand copies of said proposition of amendment to be printed with the word 'approved' upon the same, and a like number with the word 'reject' thereon, and shall cause such ballots to be distributed among the town and ward clerks, in suitable proportions, previous to the day of said meeting of electors.

"SECT. 5. The town, ward, and district meetings to be held as aforesaid shall be warned, and the list of voters shall be canvassed and made up, and the said town, ward, and district meetings shall be conducted in the same manner as now provided by law for the town, ward, and district meetings for the election of general officers.

"SECT. 6. At the close of the polls on said day of said meetings of the electors, the moderator and town clerk, or the warden and ward clerk, or the moderator and district clerk, shall, in open town, ward, or district meetings, count said ballots and seal up the same, and shall certify that the ballots by them sealed up are the ballots given in at said meetings of the electors, the number of such ballots, and that the number of ballots on said proposition does not exceed the number of electors voting at said meetings; and shall deliver or send such ballots, so sealed up and certified, to the secretary of state on or before the third Tuesday of April, 1888.

"SECT. 7. The governor, secretary of state, and attorney general shall count said ballots after the first Tuesday in November, 1888, and before the third Tuesday, and the governor shall announce the result by proclamation, on or before the fourth Tuesday in November, 1888 ; and if said proposition of amendment shall have been approved by three fifths of the electors of the State present and voting thereon in said town, ward, and district meetings, the same shall be declared to be a part of the constitution of the State, and shall be numbered as an additional article in amendment thereto.

"SECT. 8. This act shall take effect immediately."

November 16, 1888, the governor issued his proclamation announcing the adoption of the proposed amendment, and subsequently, under article 10, section 3, of the constitution of the State, providing that " the judges of the Supreme Court shall give their written opinion upon any question of law whenever requested by the governor or by either house of the General Assembly," addressed the following communication to the justices of the court :

EXECUTIVE DEPARTMENT,

PROVIDENCE, November 20, 1888.

*To the Honorable the Judges of the Supreme Court :*

By virtue of constitutional authority I respectfully request your Honors' opinion upon the following questions :

" 1. Does the recent constitutional amendment, entitled article of amendment 7, repeal the provisions of chapter 7 of the Public Statutes, and the amendments thereof, or any of them ?

" 2. Is there any officer or class of officers now authorized to receive the registry of persons entitled to register under the provisions of article of amendment 7 of the constitution ?

" 3. Will the persons (who, I am informed, are numerous) that have registered this year, before article of amendment 7 became a part of the constitution, under authority of law in force at the time of such registering, or who shall register after said article became a part of the constitution, but before the General Assembly shall provide by law with what officers names shall be registered, be legally registered ? or will they be obliged to register anew, after the passage of proper legislation by the General Assembly, in order to become voters under and by virtue of said article 7 ?

" 4. Will persons taxed on personal property to the amount of $134, who shall not have registered this year, and whose names, but for the adoption of article of amendment 7, would stand upon the voting lists on the 31st day of December, 1888, be entitled to vote in 1889, under and by virtue of the provisions of said article ? "

ROYAL C. TAFT, *Governor.*

OPINION OF THE COURT.

*November* 24, 1888.

*To His Excellency Royal C. Taft, Governor of the State of Rhode Island and Providence Plantations :*

In response to the questions we have received from your Excellency, we have the honor to submit the following opinion : The several questions involve one subject, which is the constitutionality of chapter 7 of the Public Statutes since the adoption of article 7 of the amendments to the constitution. It is evident, upon reading the chapter, that such of its provisions as relate to the assessment and payment of a registry tax are no longer in harmony with the constitution as now amended, and that they are therefore annulled. Other parts of the chapter, however, relate to the registering and listing of voters and to the canvassing of the lists. It has been decided in this State that a statute may be unconstitutional in part and constitutional in part ; and that, while the unconstitutional part may be void, the constitutional part may be valid and may be carried into effect. *State* v. *Clark*, 15 R. I. 383. The test in such cases is, whether the parts are so . interwoven and interdependent that they can stand only as a whole, as in *State* v. *Tonks*, 15 R. I. 385, or whether they are capable of separation, and of independent administration, as in the case first cited. Striking out of the chapter in question all that relates to the assessment and payment of a registry tax, we think that the provisions relating to registration and listing are so distinct and independent that they may stand and be administered, without in any way conflicting with the constitution as amended. Doubtless they are not as efficient as may be desirable, and not as complete or plain as they may be made by revision and amendment ; nevertheless, as far as the matters of inquiry are concerned, we think they are sufficient.

The original article of the constitution required registration for a class of voters. The statute prescribed the method of registration. Had the constitution stood originally as it does now, the method of registration prescribed in chapter 7 would not have been in conflict with it. The amendment requires, in language precisely similar to that of the original article, that the voter shall

be registered, and he is none the less registered under an existing law than he would be under one subsequently adopted.

In either case the requirement of the constitution is fulfilled, and inasmuch as the amendment requiring registration is not a new provision added to the constitution, but simply an enlargement and substitute for an existing provision, it is a reasonable presumption that the terms of the amendment were not intended to annul, by implication, the method of registration already established by law.

Section 2 of chapter 7 provides that persons qualified to vote, " upon being registered and the payment of a registry tax," shall go to the town clerk and register their names. The words relating to the payment of a registry tax are descriptive, in part, of the persons who are to register ; but, since this part of the description is no longer applicable to voters, and the evident purpose of the section is to secure registration, we see no reason why the rest of the section may not stand, as it is complete in itself and in no way conflicts with the constitution. It points out the class of persons who are to register, the officer who is to attend to it, and the way in which it is to be done. We think, therefore, that town clerks may receive the registry of persons as heretofore, and that those who have thus already registered, or who may hereafter do so, must be deemed to be legally registered.

In regard to persons taxed on personal property, it is provided in section 3 of chapter 7 that the town and ward clerks shall annually place upon the registry list the names of the several persons who have been previously upon the voting list against whom a tax of one dollar or upwards shall have been assessed, and that such persons need not register annually. Both the former and present provisions of the constitution require a registration. But in the opinion *In re the Registry Laws*, 12 R. I. 580, it was held that it was not necessary for persons voting upon the payment of a tax to re-register their names after the passage of the law, now chapter 7 ; but that such persons were entitled to have their names put upon the voting list, if they were already registered in compliance with the law in force before the passage of the act. We do not see that the present case is different. If a name could be placed upon the registry list by the town clerk, according to

the provisions of that law, under the former article of the constitution, it can also be done now. The present provision is simply that the person's "name shall be registered." If he was duly registered before the amendment, there is nothing in the terms of the amendment to invalidate such registry.

It is to be observed, however, that, under the former provision of the constitution, persons who paid a tax of one dollar or upwards, assessed on their property, were entitled to vote as taxpayers; and chapter 7 provides for placing upon the registry list those who have paid such a tax. The present provision requires, not the payment of that amount of tax, but that the person claiming to vote upon this qualification shall have paid a tax assessed upon his property valued at least at one hundred and thirty four dollars.

It may happen that the tax on a valuation of one hundred and thirty four dollars will be more than one dollar, or it may be less. The constitutional qualification is the tax on one hundred and thirty four dollars. If, in a given case, this amounts to one dollar or more, the name will be carried along by the town clerk as now provided. If it does not amount to one dollar, the name will not be carried along, because there is no provision for it, and the person will be obliged to register. If the tax amounts to one dollar, but the property taxed is not of the value of one hundred and thirty four dollars, the name may be carried on to the registry list, under the present law, as a registry, without infringing the constitutional provision; still the person would not thereby have the right to vote as a taxpayer, and it would be the duty of the canvassers, in revising the list, to strike off such names from the list of those entitled to vote as taxpayers.

Judge Wilbur is absent from the city, and we have not been able to confer with him upon the questions.

THOMAS DURFEE,<br>
CHARLES MATTESON,<br>
JOHN H. STINESS,<br>
P. E. TILLINGHAST.